UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>TAKEYA USA CORPORATION,<br><br>    Defendants. | Case No.: 1:17-cv-00342 |

**DEFENDANT TAKEYA USA CORPORATION'S
RULE 12(B)(6) MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Takeya USA Corporation ("Takeya") moves to dismiss Plaintiff YETI Coolers, LLC's ("YETI") Complaint because it fails to state a claim for which relief can be granted, and would show the Court the following:

1.      YETI and Takeya are manufacturers of insulated drinkware. YETI has sued Takeya for trade dress infringement and several other related causes of action—unfair competion and false designation of origin, trade misappropriation, unjust enrichment, and trade dress dilution. As set forth in detail in Takeya's Memorandum supporting the Motion to Dismiss, and filed contemporaneously with this Motion, YETI's Complaint does not state a claim upon which relief can be granted because:

2.      As a threshold matter, YETI has failed to adequately allege that it has protectable trade dress rights. Because the purported trade dress of YETI's Rambler™ tumblers is unregistered, YETI bears the burden of pleading the elements of its claimed trade dress with

"sufficient particularity." YETI's Complaint does not meet this standard. In fact, as demonstrated in the Memorandum supporting this Motion, YETI's written description of its trade dress and the photos it includes in the Complaint clearly show that the design features of the Rambler™ tumblers are generic to lots of other drinkware that have been sold by other manufacturers and retailers for decades.

3. YETI has failed to plausibly plead claims for federal and common law trade dress infringement because the Complaint fails to show that (i) the design of the Rambler™ tumblers is not functional, (ii) the claimed trade dress of the tumblers has acquired second meaning, and (iii) the design of Takeya's tumblers is confusingly similar to that of the Rambler™ tumblers. Failure to prove any of these elements requires dismissal of YETI's claims for trade dress infringement.

4. YETI's facially defective trade dress infringement claim impacts its causes of action for false designation of origin and federal and common law unfair competition. If YETI cannot establish that it has a protectable trade dress and that Takeya wrongfully infringed, then it cannot plausibly plead claims for false designation of origin and unfair competition. Accordingly, these causes of action must be dismissed.

5. YETI's misappropriation claim fails for two reasons. First, courts and commentators have rejected the application of the misappropriation doctrine in trade dress cases. Second, YETI's failure to plausibly plead facts establishing (i) that the trade dress of its Rambler™ tumblers has acquired secondary meaning, and (ii) that there is likelihood of confusion with the Takeya tumblers, means that its misappropriation claim is facially defective as well.

6.      YETI's cause of action for unjust enrichment is factually 'joined at the hip' with its trade dress infringement claim.  Because YETI lacks sufficient factual detail establishing that (i) YETI has a protectable dress, and (ii) Takeya infringed upon the trade dress, it also cannot plausibly plead a cause of action for unjust enrichment.

7.      YETI's claims for dilution under federal and state law fail because its Complaint lacks sufficient facts showing that its trade dress is "famous."  Additionally, YETI has failed to plausibly plead that YETI has a protectable dress that is nonfunctional.

WHEREFORE, Defendant Takeya USA Corporation respectfully asks this Court to grant Takeya's Motion to Dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6), and grant Takeya any further relief to which it is justly entitled.

Dated:  May 25, 2017

**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**

By: */s/ Valeri Williams*
E. Stratton Horres, Jr.
State Bar No. 10011800
Email: stratton.horres@wilsonelser.com
Valeri C. Williams
  State Bar No. 24058797
Email:  Valeri.Williams@wilsonelser.com
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000 (Telephone)
(214) 698-1101 (Facsimile)

**ATTORNEYS FOR DEFENDANT
TAKEYA USA CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2017, a true and correct copy of the foregoing instrument was served on all counsel of record via electronic notice by the CM/ECF filing system.

**BANNER & WITCOFF, LTD.**
Joseph J. Berghammer
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
J. Pieter Van Es
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
Ten South Wacker Drive, Suite 3000
Chicago, IL  60606-7407
(T) 312-463-5000
(F) 312-463-5001

*/s/ Valeri Williams*