UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> HOME DEPOT U.S.A., INC., et al., <br><br> Defendants. | Case No.: 1:17-cv-00342-RP <br><br> JURY TRIAL DEMANDED |

**DEFENDANT HOME DEPOT U.S.A., INC.'S**
<u>**NOTICE OF MOTION TO STAY**</u>

Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully moves to stay Yeti Coolers, LLC's ("Yeti") claims pending against it in the above-captioned action for the following reasons:

1. Yeti has filed a series of cases against manufacturers of products it alleges infringe Yeti's trade dress in certain of its drinkware tumblers, manufacturers that supply product to Home Depot. Home Depot is not a manufacturer of <u>any</u> of these accused products, but merely the downstream retailer. It had no involvement in the design of the appearance of the accused products. As a result, Home Depot has little to add to this litigation, which can readily proceed while the claims against it are stayed pending the determination as to whether Yeti's trade dress is valid and whether any of the accused products infringe that purported trade dress.

2. The customer-suit exception, commonly invoked in patent infringement litigation where similar issues of validity and infringement are at play, readily applies here. Texas federal

courts have recognized that the customer-suit exception has been applied in multi-defendant cases where both a manufacturer and retailer are defendants in the same case. In addition, Home Depot is not the "true defendant" here; rather, the true defendants are the manufacturers. There is no reason why the doctrine should not apply equally to Lanham Act claims, and, indeed, Home Depot has recently been stayed in a similar case because it is a downstream retailer of a product accused of trademark infringement.

3. Traditional stay factors also warrant a stay of the claims pending against Home Depot. Namely, the case is in its infancy, Yeti will not be prejudiced by the stay, and staying the claims against Home Depot will streamline the litigation.

4. Notably, with regard to any prejudice Yeti may claim, Home Depot has agreed to participate in limited relevant discovery, and has agreed to be bound by the Court's liability determination. These concessions have supported stays of retailer defendants in similar circumstances, and negate any alleged prejudice that Yeti may claim to suffer should the stay be granted.

Wherefore, Home Depot respectfully asks this Court to grant this motion and to stay the claims pending against it, and grant any further relief to which Home Depot is entitled.

Respectfully submitted,

Dated:  June 30, 2017

By: */s/ John M. Guaragna*
JOHN M. GUARAGNA
Texas Bar No. 24043308
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7000
Fax: 512.457.7001

**ATTORNEY FOR DEFENDANT HOME DEPOT U.S.A., INC.**

3
DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF MOTION TO STAY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2017, a true and correct copy of the foregoing instrument was served on all counsel of record via electronic notice by the CM/ECF filing system.

*/s/ John M. Guaragna*
JOHN M. GUARAGNA
