UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> HOME DEPOT U.S.A., INC., et al., <br><br> Defendants. | Case No.: 1:17-cv-00342-RP <br><br> JURY TRIAL DEMANDED |

DEFENDANT HOME DEPOT U.S.A., INC.'S
**MOTION TO STAY**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................ 1

II. PROCEDURAL BACKGROUND.............................................................................. 3

III. THE PRINCIPLES OF THE CUSTOMER-SUIT EXCEPTION WARRANT A STAY ........................................................................................................................... 3

IV. THE GENERAL STAY PRINCIPLES ALSO WARRANT A STAY ............................ 8

    i. Factor One: Staying the Proceedings Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage. .................................................. 9

    ii. Factor Two: Staying the Proceedings Will Simplify the Issues. .............. 9

    iii. Factor Three: Discovery Has Not Commenced and No Trial Date Has Been Set. ...................................................................................... 10

IV. CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Datatern, Inc. v. Staples, Inc.*,
  No. 2:10-cv-133, 2:10-cv-413, 2012 WL 12893805 (E.D. Tex. Mar. 3, 2012) ....................3, 8

*In re Dell Inc.*,
  600 F. App'x. 728 (Fed. Cir. 2015) ..............................................................................5, 6

*In re Google Inc.*,
  588 F. App'x. 988 (Fed. Cir. 2014) ...................................................................................6

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014)......................................................................................5, 7

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990).......................................................................................3, 4

*Lonestar Inventions, L.P. v. Sony Elecs., Inc.*,
  No. 6:10-cv-588, 2011 WL 3880550 (E.D. Tex. Aug. 29, 2011)..............................................4

*Microlinc, LLC v. Intel Corp.*,
  Case No. 2:07-cv-488, 2010 WL 3766655 (E.D. Tex. Sept. 20, 2010)....................................9

*Oplus Techs., Ltd. v. Sears Holding Corp.*,
  No. 11-cv-8539, 2012 WL 2280696 (N.D. Ill. June 15 2012)..................................................6

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
  279 F. Supp. 2d 554 (D. Del. 2003)..............................................................................4, 8

*Secure Axcess, LLC v. Nintendo of Am. Inc.*,
  No. 2:13-cv-32-JRG, 2014 WL 986169 (E.D. Tex. Mar. 7, 2014).......................................4, 6

*Sillage LLC v. Kenrose Perfumes, Inc.*,
  No. 8:14-cv-02043, 2015 WL 3649605 (C.D. Cal. June 9, 2015)................................5, 6, 7, 9

*Soverain Software LLC v. Amazon.Com, Inc.*,
  356 F .Supp. 2d 660, 662 (E.D. Tex. 2005)........................................................................9

*Telebrands Corp. v. Nat'l Express, Inc.*,
  2014 WL 4930897 (D.N.J. Oct. 2, 2014).........................................................................5, 6

*Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*,
  No.0:16-cv-60693, 2016 WL 6678525 (S.D. Fla. June 8, 2016).............................................5

**DEFENDANT HOME DEPOT U.S.A.,INC.'S MOTION TO STAY**

*ThinkOptics, Inc. v. Nintendo*,
　　No. 6:11-cv-455, 2014 WL 4477400 (E.D. Tex. Feb. 27, 2014)................................................8

*USCO S.p.A. v. ValuePart, Inc.*,
　　No. 2:14-cv-02590, 2015 4601192 (W.D. Tenn. July 29, 2015)...............................................6

Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully requests that the Court stay the case against it pending resolution of the claims against Takeya USA Corporation ("Takeya"), Gourmet Home Products ("GHP"), Cathy's Concepts, Inc. ("Cathy's"), Godinger Silver Art Ltd. ("Godinger"), and Viatek Consumer Products Group, Inc. ("Viatek") (collectively, the "Manufacturing Defendants").

## I. Introduction

The Manufacturing Defendants are the "true defendants" in the series of trade dress infringement cases filed by Yeti Coolers, LLC ("Yeti"). Yeti filed the instant action against Home Depot and Takeya on April 12, 2017, and filed similar lawsuits against Cathy's, Godinger, and Viatek on May 16, 2017, and against GHP on June 2, 2017. In all cases, Yeti claims that the diverse products supplied by the Manufacturing Defendants and sold by Home Depot infringe on its alleged trade dress. In all instances, however, Home Depot is simply a downstream retailer of these accused products, and is indemnified by all of its vendors, the Manufacturing Defendants, in connection with Yeti's claims of infringement. Home Depot does not participate or have any involvement in the design of the appearance of the accused products. As a retailer of the accused products, Home Depot's liability to Yeti, if any, is tied entirely to this Court's determination of whether Yeti can succeed on its claims against the Manufacturing Defendants. Consequently, Home Depot's involvement in this case is ancillary to the real dispute.

As a result of its exclusive role as a downstream retailer, Home Depot has no relevant information regarding the creation of the design of accused products, the intent of the manufacturers in creating the products, or any other information key to a trade dress infringement claim. This information rests solely with the Manufacturing Defendants.

However, to the extent Home Depot has any relevant information, such as any evidence of actual confusion between Yeti's product and the accused products, or the accused products' advertising or sales, Home Depot is certainly willing to participate in limited discovery. Home Depot is also willing to be bound by the Court's liability findings. Given Home Depot's position as a downstream retailer, its willingness to participate in limited discovery, and its willingness to be bound by the Court's decision, staying the claim against it makes sense, promotes judicial economy, and comports with the rationale behind the customer-suit exception, commonly invoked in patent litigation but applicable here as well. The Northern District of Ohio recently stayed claims against Home Depot in a trademark infringement wherein Home Depot was sued with its supplier, WD-40 Company, for these same reasons.

A stay would also comport with the traditional stay factors. First, this case is in its infancy. Home Depot's answer has not yet been filed, Takeya's motion to dismiss is pending, and the other actions against the Manufacturer Defendants were filed after this action are at even earlier stages of litigation. No scheduling orders have been entered, no discovery has taken place by or against Home Depot, and no trial date has been entered. Second, a stay of the claims against Home Depot will in no way prejudice or present a clear tactical disadvantage to Yeti, particularly given Home Depot's willingness to be bound by the Court's liability rulings and engage in limited discovery. Finally, a stay will simplify the issues: as the only retailer in a sea of defendant manufacturers, Home Depot's liability is tied exclusively to the question of whether the accused products infringe Yeti's trade dress and whether that trade dress is valid and protectable. Accordingly, all of the issues or questions involving Home Depot would be resolved by staying these proceedings against Home Depot and adjudicating the claims against the Manufacturing Defendants first.

For these reasons, Home Depot respectfully requests that this case be stayed against it.

## II. Procedural Background

This action was filed on April 12, 2017 against Takeya and Home Depot. (Dkt. No. 1.) Home Depot's time to respond to the complaint has been extended to July 6, 2017. (Dkt. Nos. 8, 10, 22.) On May 25, 2017, Takeya filed a motion to dismiss Yeti's claims. (Dkt. No. 11.) Home Depot has not yet been filed its response to the Complaint.

On May 16, 2017, Yeti filed an additional action in this Court (pending before Your Honor) against Cathy's, Godinger, and Viatek, Civil Action 17-00467. In that complaint, Home Depot is not named as a party, but the defendants are alleged to have sold the accused products though Home Depot. (17-cv-00467, Dkt. No. 1 at ¶ 7.) Subsequently, on June 2, 2017, Yeti filed yet another complaint against another Home Depot vendor, GHP, Civil Action 17-00533, again asserting that the accused product was sold through Home Depot. (17-cv-00533, Dkt. No. 1 at ¶ 5.) Home Depot is also not named as a defendant in this case but GHP's products are accused to have been sold at Home Depot. All of these cases are in their infancy, and all relate to the same claim – that Yeti's alleged trade dress in its steel tumblers is infringed by the various Manufacturing Defendants' products.

## III. The Principles of the Customer-Suit Exception Warrant a Stay

The Court should stay the case against Home Depot under the same general principles that govern the customer-suit exception. In general, litigation brought against a manufacturer of infringing goods takes precedence over claims brought by a patent owner against customers of the manufacturer. *Datatern, Inc. v. Staples, Inc.*, No. 2:10-cv-133, 2:10-cv-413, 2012 WL 12893805, at *3 (E.D. Tex. Mar. 3, 2012) (citing *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir. 1990). The customer-suit exception is "rooted in the presumption 'that a

3

manufacturer must protect its customers, either as a matter of contract[1], or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'" *Id*. (quoting *Katz*, 909 F.2d at 1464 ). In addition, the exception acknowledges that an intellectual property owner's election to sue customers of a manufacturer is "'often based on a desire to intimidate smaller businesses.'" *Id*. (quoting *Ricoh Co., Ltd. v. Aeroflex Inc*., 279 F. Supp. 2d 554, 557 (D. Del. 2003)). In determining whether to apply the customer-suit exception in the traditional situation wherein a customer is sued without a manufacturer, courts have identified three relevant factors: "(1) whether the customer defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *Lonestar Inventions, L.P. v. Sony Elecs., Inc.*, No. 6:10-cv-588, 2011 WL 3880550, *5 (E.D. Tex. Aug. 29, 2011).

While the customer-suit exception developed in connection with situations where a customer was sued, and a manufacturer filed a subsequent declaratory judgment action for non-infringement, Texas federal courts have recognized that the customer-suit exception has been applied in multi-defendant cases where both a manufacturer and retailer are defendants in the same case. *See Secure Axcess, LLC v. Nintendo of Am. Inc*., No. 2:13-cv-32-JRG, 2014 WL 986169, at *2 (E.D. Tex. Mar. 7, 2014). The customer-suit exception is most commonly invoked in patent litigation, where, like here, issues of intellectual property validity and infringement are at play. Application of the exception permits "litigation against or brought by the manufacturer of infringing goods [to] take[] precedence over a suit by the patent owner against customers of the manufacturer." *Katz*, 909 F.2d at 1464. (citation omitted). In principle,

---

[1] Home Depot is indemnified by the Manufacturing Defendants. (Declaration of Lance Allen ("Lance Decl.") ¶ 4.)

4
**DEFENDANT HOME DEPOT U.S.A.,INC.'S MOTION TO STAY**

it is an exception used by courts to justify severing and staying litigation against retail sellers or customers until such time as the same or a different court has had the opportunity to adjudicate the question of whether there is any liability for infringement against the manufacturer. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (noting that the "'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."); *accord Sillage LLC v. Kenrose Perfumes, Inc.*, No. 8:14-cv-02043, 2015 WL 3649605, *6 (C.D. Cal. June 9, 2015) ("Although the customer suit exception does not directly apply, the Court concludes that staying the severed actions against the retail defendants would be the most efficient and fair course of action."); *Telebrands Corp. v. Nat'l Express, Inc.*, 2014 WL 4930897, *4 (D.N.J. Oct. 2, 2014) (same).

In recent years, the trend among the federal courts has been to extend the customer-suit exception doctrine and its guiding principles, including staying claims against retailers where retailers and manufacturers have been sued in the same action. *See Nintendo*, 756 F.3d at 1365 ("While the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant."); *In re Dell Inc.*, 600 F. App'x. 728, 730 (Fed. Cir. 2015) (noting that the policies underlying the customer-suit exception are "certainly relevant in a district court's decision how to proceed within the context of a single case."); *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No.0:16-cv-60693, 2016 WL 6678525, *4-5 (S.D. Fla. June 8, 2016) (applying the customer-suit exception to stay proceedings against supplier-defendants because plaintiff's theory of liability was wholly dependent upon resolution of the alleged infringement by the manufacturing defendant at issue in the litigation); *Sillage LLC*, 2015 WL 3649605, at *4 (applying customer-

suit exception to a motion to stay litigation of predominately trademark infringement claims); *Telebrands*, 2014 WL 4930897, at *4 (noting that case was not a typical customer-suit exception case, in part, because it involved a combined suit against the manufacturer and the retail defendants, but applying the exception's principles regardless); *Oplus Techs., Ltd. v. Sears Holding Corp.*, No. 11-cv-8539, 2012 WL 2280696, *6 (N.D. Ill. June 15 2012) (staying claims against retailers based on the principles of the customer-suit exception even though a single suit was brought against both the retailers and the manufacturer); *see also In re Google Inc.*, 588 F. App'x. 988, 990–91 (Fed. Cir. 2014) (overruling the district court's refusal to stay proceedings based on a mechanical application of the customer-suit exception); *USCO S.p.A. v. ValuePart, Inc.*, No. 2:14-cv-02590, 2015 4601192, *14–15 (W.D. Tenn. July 29, 2015) (applying customer-suit exception principles to a motion to stay litigation in a non-customer-suit exception case).

Specifically, the Federal Circuit has confirmed that where a retail seller or customer is not the "true defendant" and judicial economy and efficiency can be served without prejudicing the plaintiff, imposition of a stay as to claims or litigation against a retail seller or customer is appropriate. *Nintendo*, 756 F.3d at 1365–66; *see also USCO S.p.A.*, 2015 WL 4601192, at *14 ("The Federal Circuit has, however, found it appropriate to apply the principles of the customer-suit exception in analogous circumstances."); *Sillage LLC*, 2015 2015 WL 3649605, at *6 (noting that the Federal Circuit, in *In re Nintendo* and *In re Dell*, has counseled that the customer-suit exception's principles are relevant to the propriety of a discretionary stay even if the customer-suit exception would not ordinarily apply); *see, e.g.*, *Telebrands*, 2014 WL 4930897, at *3-4 (applying *In re Nintendo* in justification for applying the customer-suit exception's principles when the customer-suit exception ordinarily would not apply).

Those principles are equally applicable in this case despite the allegations of trade dress (rather than patent) infringement. *See Sillage LLC*, 2015 WL 3649605, at *6 (applying the principles of the customer-suit exception to stay proceedings in a trademark infringement case); Duvdevani Decl. Ex. A (Order staying claims against Home Depot in trademark litigation alleging infringement of product supplied by WD-40, where WD-40 is also a defendant). In this case, Home Depot is not the "true defendant." *See Nintendo*, 756 F.3d at 1365 (holding that the same general principles of the customer-suit exception apply where the party seeking stay is not the true defendant). It is a mere seller of products, and has no involvement in the decision making as to the appearance of the accused products, and is not privy to any such information held by the Manufacturing Defendants.[2] (Allen Decl. ¶ 5.) The only relevant information Home Depot could have is sales info, advertising/marketing, and, to the extent any exists, actual confusion evidence (Home Depot currently knows of none), and Home Depot has already offered to produce those categories. For these reasons, Home Depot cannot contribute in any meaningful way to defending against Yeti's infringement claims. Moreover, Home Depot is fully indemnified by its vendors, and is willing to be bound by the Court's determination and participate in the limited discovery described above. (Allen Decl. ¶ 4, 7.) Despite these concessions, Yeti has, without explanation, refused to stipulate to this stay, forcing Home Depot to file this Motion. (Declaration of Tamar Duvdevani ("Duvdevani Decl.") ¶3.) Thus, it appears that Yeti has dragged Home Depot into this case to "intimidate" Home Depot's much

---

[2] The sole request made by Home Depot with regard to one of the accused products, the GHP 30 ounce tumbler, was that the manufacturer use higher quality steel and a superior manufacturing process, a request that did not relate in any way to the product's external appearance, only its functionality.

**DEFENDANT HOME DEPOT U.S.A.,INC.'S MOTION TO STAY**

smaller vendors[3], who have a contractual obligation to indemnify. *Ricoh Co., Ltd. v. Aeroflex Inc.*, 279 F. Supp. 2d at 557. Consequently, a stay is warranted against Home Depot in this case based on the principles of the customer-suit exception and judicial.

This Court would not be alone in staying Lanham Act claims asserted against Home Depot when it is sued with a manufacturer/vendor. Just this past May, the Northern District of Ohio stayed claims against Home Depot in a trademark infringement case filed against it, other retailers, and the WD-40 Company, wherein, like here, Home Depot was a mere seller, agreed to partake in limited discovery, and agreed to be bound by the Court's determination of liability. (Duvdevani Decl. Ex. A.) In the WD40 litigation, the claims sounded in trademark infringement over a word mark. *Id.* Here, the claims sound in trade dress where, as in a patent case, validity of Yeti's alleged intellectual property right is a key issue, as evidenced by Takeya's motion to dismiss. (*See* Dkt. No. 11.) Accordingly, Yeti's trade dress claim is even more similar to a patent claim than a traditional trademark case, and thus more amenable to the rationale of the customer-suit exception.

## IV. The General Stay Principles Also Warrant a Stay

The decision of whether to extend a stay falls solely within the court's inherent power to control its docket. *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455, 2014 WL 4477400, *1 (E.D. Tex. Feb. 27, 2014); *Datatern, Inc. v. Staples, Inc.*, 2012 WL 12893805, at *2 (E.D. Tex. Mar. 3, 2012). When considering whether to stay a case generally, a court looks to (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether

---

[3] In fact, Yeti has expressed the possibility of seeking to consolidate this case with the other actions discussed herein that reference Home Depot as a seller. [Duvdevani Dec ¶ 3.]

discovery is complete and whether a trial date has been set. *Microlinc, LLC v. Intel Corp.*, Case No. 2:07-cv-488, 2010 WL 3766655, at *1 (E.D. Tex. Sept. 20, 2010); *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F .Supp. 2d 660, 662 (E.D. Tex. 2005). These factors also favor granting a stay of the claims against Home Depot.

> i. <u>Factor One: Staying the Proceedings Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage</u>.

Yeti will suffer no prejudice from, nor be disadvantaged tactically by, imposition of the stay. Any actual prejudice to Yeti is eliminated by Home Depot's willingness to be bound by this Court's adjudication of the claims asserted against the Manufacturing Defendants. Furthermore, as a retailer, Home Depot does not have any information relating to the alleged infringement of Yeti's purported trade dress. Moreover, any speculative prejudice that may result in discovery from staying this action is resolved by Home Depot's willingness to participate in limited discovery to allow Yeti to prosecute its claims. *See Sillage LLC*, 2015 WL 3649605, at *7 (finding that prejudice to the plaintiff can be avoided entirely by a retailer defendant's willingness to respond to discovery in a trademark infringement case). Finally, because Home Depot has promptly filed this Motion, Yeti will not face the prejudice or tactical disadvantage typically associated with a delayed motion to stay proceedings. *Id.* at *7 (finding that plaintiff was unlikely to be prejudiced by a stay where the stay was sought early in the case). Accordingly, the first factor weighs in favor of imposing the stay.

> ii. <u>Factor Two: Staying the Proceedings Will Simplify the Issues.</u>

Yeti's complaints against the Manufacturing Defendants each assert eight counts, allege various violations of federal and state law, and seek injunctive and monetary relief. "At a minimum, imposition of the stay simplifies and streamlines the issues in the case by focusing the case on the true defendants, the Manufacturing Defendants, who developed and manufactured

9

the products at issue without any input whatsoever from Home Depot. As a result, Home Depot has no information relating to the accused products' "trade dress" design. (Allen Decl. ¶ 5.) As a retailer, Home Depot's liability is tied to the question of whether the accused products infringe Yeti's purported trade dress and whether that trade dress is valid, which are matters squarely within the Manufacturing Defendants' purview alone, not Home Depot's. Further, Home Depot has agreed to be bound by this Court's adjudication of those issues. Accordingly, the majority—if not all—of the issues or questions involving Home Depot would be resolved by staying these proceedings and adjudicating the claims against Home Depot's vendors first.

Further, Home Depot's only real role in this litigation is as an additional party from whom Yeti could potentially collect damages. Consequently, Home Depot's role in this litigation is only implicated if: (1) the Manufacturing Defendants are not successful in defending against Yeti's claims; and (2) Yeti successfully argues that it is entitled to damages associated with the sale of the accused products. Allowing Home Depot to stand on the sidelines until Yeti successfully proves that it is entitled to damages will only lead to the simplification and streamlining of this litigation. Therefore, the second factor weighs in favor of staying these proceedings as they relate to Home Depot.

### iii. Factor Three: Discovery Has Not Commenced and No Trial Date Has Been Set.

Home Depot's prompt filing of the Motion also weighs in favor of imposing a stay. Home Depot's response to the Complaint has not yet been filed, no scheduling order has been issued, no discovery has been served upon Home Depot, and no trial date has been set. The case against Home Depot is in its infancy. Consequently, the third factor favors imposition of a stay.

## V. CONCLUSION

For the foregoing reasons, Home Depot respectfully requests that this Court stay these proceedings with respect to it until such time as this Court has adjudicated the claims against the Manufacturing Defendants.

Respectfully submitted,

Dated:  June 30, 2017

By: */s/ John M. Guaragna*
JOHN M. GUARAGNA
Texas Bar No. 24043308
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7000
Fax: 512.457.7001

**ATTORNEY FOR DEFENDANT HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2017, a true and correct copy of the foregoing instrument was served on all counsel of record via electronic notice by the CM/ECF filing system.

*/s/ John M. Guaragna*
JOHN M. GUARAGNA