UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00342-RP<br><br>JURY TRIAL DEMANDED |

## DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant HOME DEPOT U.S.A., INC. ("Home Depot") pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure, hereby files its Answer and Defenses to Plaintiff's Complaint [Dkt. 1], and states as follows:

### The Parties

1. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 1 of the Complaint, and therefore denies those allegations.

2. Home Depot admits the allegations set forth in Paragraph 2 of the Complaint.

3. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 3 of the Complaint, and therefore denies those allegations.

### Jurisdiction and Venue

4. Paragraph 4 of the Complaint contains legal conclusions to which no response of Home Depot is required. To the extent a response is required, Home Depot admits that the

Complaint attempts to state causes of action for which this court has subject matter jurisdiction, but denies that the allegations have merit and denies the remaining allegations set forth within Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response of Home Depot is required.

6. Home Depot admits it conducts certain business and maintains an office and/or retail establishments in this judicial district and elsewhere in the United States, along with the website www.homedepot.com. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 6 relating to defendant Takeya, and therefore denies those allegations. Home Depot denies all other allegations set forth in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response of Home Depot is required.

### General Allegations – YETI's Intellectual Property

8. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 8 of the Complaint relating to Yeti's business practices, and therefore denies those allegations. Home Depot denies the remaining allegations of Paragraph 8.

9. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 9 of the Complaint, and therefore denies those allegations.

10. Home Depot denies the allegations of Paragraph 10.

EAST\142621177.2

11. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 11 of the Complaint, and therefore denies those allegations.

12. Home Depot denies the allegations of Paragraph 12.

13. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 13 of the Complaint, and therefore denies those allegations.

14. Home Depot denies the allegations of Paragraph 14.

15. Home Depot denies the allegations of Paragraph 15.

**General Allegations – Defendants' Unlawful Activities**

16. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 16 of the Complaint relating to defendant Takeya, and therefore denies those allegations. Home Depot denies the remaining allegations of Paragraph 16.

17. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies all such allegations.

18. Home Depot denies the allegations of Paragraph 18.

19. Home Depot lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 19 of the Complaint relating to Plaintiff's business practices, and therefore denies those allegations. Home Depot denies the remaining allegations of Paragraph 19.

20. Home Depot denies the allegations of Paragraph 20.

## Count I:
## Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

21. Home Depot reasserts its responses to Paragraphs 1 through 20 of the Complaint, as though fully incorporated herein.

22. Home Depot denies the allegations of Paragraph 22.

23. Home Depot denies the allegations of Paragraph 23.

24. Home Depot denies the allegations of Paragraph 24.

25. Home Depot denies the allegations of Paragraph 25.

26. Home Depot denies the allegations of Paragraph 26 and denies that Plaintiff is entitled to any stated relief.

## Count II:
## Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

27. Home Depot reasserts its responses to Paragraphs 1 through 26 of the Complaint, as though fully incorporated herein.

28. Home Depot denies the allegations of Paragraph 28.

29. Home Depot denies the allegations of Paragraph 29.

30. Home Depot denies the allegations of Paragraph 30.

31. Home Depot denies the allegations of Paragraph 31.

32. Home Depot denies the allegations of Paragraph 32.

33. Home Depot denies the allegations of Paragraph 33 and denies that Plaintiff is entitled to any stated relief.

## Count III:
## Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34.  Home Depot reasserts its responses to Paragraphs 1 through 33 of the Complaint, as though fully incorporated herein.

35.  Home Depot denies the allegations of Paragraph 35.

36.  Home Depot denies the allegations of Paragraph 36.

37.  Home Depot denies the allegations of Paragraph 37.

38.  Home Depot denies the allegations of Paragraph 38.

39.  Home Depot denies the allegations of Paragraph 39 and denies that Plaintiff is entitled to any stated relief.

## Count IV:
## Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103

40.  Home Depot reasserts its responses to Paragraphs 1 through 39 of the Complaint, as though fully incorporated herein.

41.  Home Depot denies the allegations of Paragraph 41.

42.  Home Depot denies the allegations of Paragraph 42.

43.  Home Depot denies the allegations of Paragraph 43.

44.  Home Depot denies the allegations of Paragraph 44.

45.  Home Depot denies the allegations of Paragraph 45.

46.  Home Depot denies the allegations of Paragraph 46 and denies that Plaintiff is entitled to any stated relief.

EAST\142621177.2

## Count V:
## Common Law Trade Dress Infringement

47. Home Depot reasserts its responses to Paragraphs 1 through 46 of the Complaint, as though fully incorporated herein.

48. Home Depot denies the allegations of Paragraph 48.

49. Home Depot denies the allegations of Paragraph 49.

50. Home Depot denies the allegations of Paragraph 50.

51. Home Depot denies the allegations of Paragraph 51.

52. Home Depot denies the allegations of Paragraph 52 and denies that Plaintiff is entitled to any stated relief.

## Count VI:
## Common Law Unfair Competition

53. Home Depot reasserts its responses to Paragraphs 1 through 52 of the Complaint, as though fully incorporated herein.

54. Home Depot denies the allegations of Paragraph 54.

55. Home Depot denies the allegations of Paragraph 55.

56. Home Depot denies the allegations of Paragraph 56.

57. Home Depot denies the allegations of Paragraph 57.

58. Home Depot denies the allegations of Paragraph 58 and denies that Plaintiff is entitled to any stated relief.

## Count VII:
## Common Law Misappropriation

59. Home Depot reasserts its responses to Paragraphs 1 through 58 of the Complaint, as though fully incorporated herein.

60. Home Depot denies the allegations of Paragraph 60.

61. Home Depot denies the allegations of Paragraph 61.

62. Home Depot denies the allegations of Paragraph 62.

63. Home Depot denies the allegations of Paragraph 63.

64. Home Depot denies the allegations of Paragraph 64.

65. Home Depot denies the allegations of Paragraph 65 and denies that Plaintiff is entitled to any stated relief.

### Count VII:
### Unjust Enrichment

66. Home Depot reasserts its responses to Paragraphs 1 through 65 of the Complaint, as though fully incorporated herein.

67. Home Depot denies the allegations of Paragraph 67.

68. Home Depot denies the allegations of Paragraph 68.

69. Home Depot denies the allegations of Paragraph 69.

70. Home Depot denies the allegations of Paragraph 70.

71. Home Depot denies the allegations of Paragraph 71.

72. Home Depot denies the allegations of Paragraph 72 and denies that Plaintiff is entitled to any stated relief.

### Relief Sought

Home Depot denies that Plaintiff is entitled to any relief from Home Depot and denies all of the allegations contain in paragraphs 1 through 8 of Plaintiff's Relief Sought.

### General Denial

Home Depot denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

**Case No. 1:17-cv-00342-RP**

## **AFFIRMATIVE DEFENSES**

For its additional defenses and without admitting that Home Depot bears the burden of proof as to any defenses in this action, Home Depot states the following:

### **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

(Standing)

Plaintiff has no standing to maintain its claims against Home Depot, as Plaintiff has not sustained any concrete or particularized injury and has not been damaged in any way whatsoever.

### **THIRD AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

### **FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

Home Depot has engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering increased damages or its reasonable attorney's fees and/or costs under 35 U.S.C. §§ 284 and 285.

EAST\142621177.2

### FIFTH AFFIRMATIVE DEFENSE

(Not Willful)

Should Home Depot be found to infringe any protectable trade dress of Plaintiff, such infringement was not willful.

### SIXTH AFFIRMATIVE DEFENSE

(Trade Dress Invalidity)

Plaintiff's purported trade dress is invalid because it is generic, functional, and lacks secondary meaning.

### SEVENTH AFFIRMATIVE DEFENSE

(No Infringement)

Home Depot has not infringed, and does not infringe any protectable, enforceable trade dress of Plaintiff's products.

### EIGHTH AFFIRMATIVE DEFENSE

(Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, consent, estoppel, unclean hands, and/or additional equitable doctrines.

### NINTH AFFIRMATIVE DEFENSE

(Fair Use)

Plaintiff is not entitled to relief due to the fair use doctrine, because the design of the allegedly infringing products is a non-trademark use.

### TENTH AFFIRMATIVE DEFENSE

(Third Parties)

To the extent Plaintiff has stated any claims upon which relief may be granted, any damages Plaintiff have suffered are a result entirely or in part of acts, omissions, and/or negligence of a third party or parties for whose acts Home Depot is in no way liable or responsible and over whom Home Depot has no control.

### ELEVENTH AFFIRMATIVE DEFENSE

(Trademark Misuse)

Plaintiff is engaged in trademark misuse in attempting to monopolize the market beyond the boundaries of any purported trademark rights it may have, if any.  In particular, Plaintiff's complaint and continuing litigation activities amount to an anticompetitive attempt to block others from entry into the market by asserting a purported "trade dress" that is not distinctive and comprised of exclusively functional elements.

### TWELFTH AFFIRMATIVE DEFENSE

(Reservation)

Home Depot reserves the right to assert all further defenses that may be appropriate based upon matters to which discovery has been or will be directed with respect to the claims set forth in the Complaint.

### Home Depot's Prayer for Relief

**WHEREFORE**, Home Depot prays for judgment in its favor and against Plaintiff on Plaintiff's claims as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That Home Depot be awarded its costs of court;

3. That the Court declare that this case is exceptional and award Home Depot its costs of suit and reasonable attorneys' fees incurred in connection with this action; and

4. That the Court grant Home Depot such other and further relief as the Court deems just and proper.

## JURY DEMAND

Home Depot demands a trial by jury on all claims and defenses so triable.

Dated:  July 6, 2017               Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No. 24043308
john.guaragna@dlapiper.com
DLA PIPER LLP
401 Congress Avenue Suite 2500
Austin, Texas  78701-3799
Telephone:  (512) 457-7125
Facsimile:  (512) 721-2325

*Attorney for Defendant*
*Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 6, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

 */s/ John M. Guaragna*
John M. Guaragna