IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-342-RP |
| | § | |
| HOME DEPOT U.S.A., INC. et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court in the above-entitled matter are Defendant Home Depot U.S.A., Inc.'s

Motion to Stay, (Dkt. 27), its brief in support (Dkt. 28), and the responsive filings. Having

considered those filings, the relevant law, and the case file, the Court enters the following order.

## I. BACKGROUND

Plaintiff YETI Coolers, LLC ("YETI") filed suit against Home Depot U.S.A., Inc. ("Home

Depot") and Takeya USA Corporation ("Takeya") (collectively, "Defendants"), alleging trade dress

infringement, unfair competition, false designation of origin, trade dress dilution, and unjust

enrichment. (Compl., Dkt. 1, ¶ 4). Takeya subsequently filed a Motion to Dismiss, (Dkt. 11), which

remains pending. Home Depot then filed the instant Motion to Stay, which asks the Court to stay

the instant proceedings with respect to Home Depot until the Court has adjudicated YETI's claims

against Takeya and other "manufacturing defendants." (Brief, Dkt. 28, at 5). YETI objects. (Resp.,

Dkt. 42).

## II. LEGAL STANDARD

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control

the course of litigation, which includes authority to control the scope and pace of discovery." *In re*

*Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681,

706 (1997). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at

708. In determining whether a stay is proper, a district court should consider, among other factors,

(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving

party if the action is not stayed; and (3) judicial resources. *See, e.g.*, *Sparling v. Doyle*, No. EP-13-CV-

323-DCG, 2014 WL 12489985, at *2 (W.D. Tex. March 3, 2014).[1]

### III. DISCUSSION

Home Depot first argues that a stay is warranted because the company is "simply a

downstream retailer" of products produced by Takeya and other manufacturers sued by YETI.[2] "As

a retailer of the accused products," Home Depot explains, its "liability to YETI, if any, is tied

entirely to this Court's determination of whether YETI can succeed on its claims against the

Manufacturing Defendants." (Brief, Dkt. 28, at 5). YETI disputes this assertion, arguing that its

claims against Home Depot's suppliers will not resolve its claims against Home Depot itself. (Resp.,

Dkt. 42, at 5). According to YETI, this is true because "trade dress infringement is a defendant-

specific determination, even if the underlying accused products are the same as to multiple

defendants." (Resp., Dkt. 42, at 7).

Home Depot also argues that the Court should stay the case against Home Depot "under

the same general principles that govern the customer-suit exception." (Brief, Dkt. 28, at 7). While

that principle is generally used in patent infringement cases, some courts have applied it in the

context of trademark actions. *See, e.g.*, *Sillage LLC v. Kenrose Perfumes, Inc.*, No. 8:14-CV-02043, 2015

---

[1] Home Depot, citing exclusively to patent infringement cases from another district, identifies a different standard. (Brief, Dkt. 28, at 12). In keeping with other courts within the Western District of Texas, the undersigned declines to adopt that standard here. *See, e.g.*, *B&D Produce Sales, LLC v. Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug. 19, 2016) (applying the same standard outlined in *Sparling, see supra*); *Hopple v. Prospect Mortgage, LLC*, No. EP-13-CV-137-DCG, 2013 WL 5493004, at *2 (W.D. Tex. Oct. 2, 2013) (same).

[2] Home Depot identifies Gourmet Home Products ("Gourmet Home"); Cathy's Concepts, Inc. ("Cathy's Concepts"); Godinger Silver Art Ltd. ("Godinger); and Viatek Consumer Products Group, Inc. ("Viatek") as the relevant "manufacturing defendants." (Mot. Stay, Dkt. 28, at 5). Actions against Gourmet Home, Cathy's Concepts, Godinger, and Viatek are pending in this Court. *See* 1:17-CV-467; 1:17-CV-533. However, while YETI alleges that the defendants in those actions sold the relevant products through Home Depot, Home Depot is not named as a party to those suits. *Id.*

WL 3649605, *6 (C.D. Cal. June 9, 2015) ("Although the customer suit exception does not directly apply, the Court concludes that staying the severed actions against the retail defendants would be the most efficient and fair course of action."). However, the cases Home Depot points to in support of its argument are inapposite; *Sillage*, for example, involved a motion to stay and sever. *Id.* at *1. Moreover, Home Depot does not identify any cases within the Fifth Circuit that suggest applying the customer-suit exception would be appropriate in the instant case.

In light of the above, this Court concludes that neither the facts of this case nor relevant case law support granting Home Depot's Motion to Stay. Home Depot has represented that it is "willing[] to be bound by the Court's liability rulings" as to the manufacturing defendants and to "engage in limited discovery." (Brief, Dkt. 28, at 6). But given the disagreement between the parties as to whether the manufacturers' liability is determinative of Home Depot's liability, it appears likely that granting the instant motion would both (1) work prejudice against YETI; and (2) compromise judicial economy. Home Depot, in contrast, has not demonstrated that it would suffer hardship were its motion denied. (*See generally* Brief, Dkt. 28; Reply, Dkt. 43).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendant Home Depot U.S.A., Inc.'s Motion to Stay, (Dkt. 27), is **DENIED**.

**SIGNED** January 8, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE