UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC<br><br>      Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>TAKEYA USA CORPORATION,<br><br>      Defendants. | Case No.: 1:17-cv-00342 |

### DEFENDANT TAKEYA USA CORPORATION'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Takeya USA Corporation ("Takeya"), pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure, files its Answer and Affirmative Defenses to Plaintiff YETI Cooler, LLC's ("Plaintiff" or "YETI") Complaint [Dkt. 1], and states as follows:

### The Parties

1.      Takeya lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 1 and, therefore, denies those allegations.

2.      Takeya lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 2 and, therefore, denies those allegations.

3.      Admit.

**Jurisdiction and Venue**

4. Paragraph 4 of the Complaint contains legal conclusions to which no answer is required. To the extent a response is required, Takeya admits that the Complaint attempts to state causes of action for which this Court has subject matter jurisdiction, but denies that the allegations have merit. Takeya denies the remaining allegations set forth within Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions to which no answer is required.

6. Takeya admits it conducts certain business with retailer establishments and/or vendors in this judicial district and elsewhere in the United States, along with the website, TakeyaUSA.com. Takeya lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth within Paragraph 6 relating to Co-Defendant Home Depot U.S.A., Inc. ("Home Depot"), and therefore denies those allegations. Takeya denies all other allegations set forth in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions to which no answer is required.

**General Allegations – YETI's Intellectual Property**

8. According to a press release YETI posted on the internet, YETI introduced the Rambler® line of insulated drinkware (*e.g.*, tumblers) on April 8, 2014. Otherwise, Takeya lacks sufficient knowledge or information to form a belief as to YETI's allegations set forth within Paragraph 8 of the Complaint relating to YETI's business practices, and therefore denies those allegations. Takeya denies the remaining allegations of Paragraph 8.

9. According to a press release YETI posted on the internet, YETI introduced the Rambler® line of insulated drinkware (*e.g.*, tumblers) on April 8, 2014. Otherwise, Takeya lacks sufficient knowledge or information to form a belief as to YETI's allegations set forth within Paragraph 9 of the Complaint, and therefore denies those allegations.

10. Takeya denies the allegations of Paragraph 10.

11. As seen in numerous photographs and advertisements distributed by YETI, YETI tumblers are permanently embossed with the brand name and logo "YETI" on the exterior surface of the drinkware, on the bottom of the drinkware, and on the lid. The photograph of a tumbler in Paragraph 11 lacks any markings; therefore, Takeya lacks sufficient knowledge or information to form a belief as to whether this tumbler was manufactured by or for YETI. On this basis, Takeya denies the allegations in Paragraph 11.

12. Takeya denies the allegations of Paragraph 12.

13. As seen in numerous photographs and advertisements distributed by YETI, YETI tumblers are permanently embossed with the brand name and logo "YETI" on the exterior surface of the drinkware, on the bottom of the drinkware, and on the lid. The photograph of a tumbler in Paragraph 13 lacks any markings; therefore, Takeya lacks sufficient knowledge or information to form a belief as to whether this tumbler was manufactured by or for YETI. On this basis, Takeya denies the allegations in Paragraph 13.

14. Takeya denies the allegations of Paragraph 14.

15. Takeya denies the allegations of Paragraph 15.

**General Allegations – Defendants' Unlawful Activities**

16. Takeya lacks sufficient knowledge or information to form a belief as to YETI's allegations set forth in Paragraph 16 of the Complaint relating to Defendant Home Depot, and therefore denies those allegations. Takeya denies the remaining allegations of Paragraph 16.

17. Takeya tumblers are prominently and permanently stamped with the brand name and logo "Takeya" and the number of ounces the drinkware holds (*e.g.*, "Takeya 30") on the exterior surface of the drinkware. The photographs of tumblers in Paragraph 17 lack any markings; therefore, Takeya lacks sufficient knowledge or information to form a belief as to whether these tumblers were marketed or sold by Takeya. On this basis, Takeya denies the allegations in Paragraph 17.

18. Takeya denies the allegations of Paragraph 18.

19. Takeya lacks sufficient knowledge or information to form a belief as to YETI's allegations set forth in Paragraph 19 of the Complaint relating to Defendant Home Depot, and therefore denies those allegations. Takeya denies the remaining allegations of Paragraph 19.

20. Takeya denies the allegations of Paragraph 20.

**Count I:
Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

21. Takeya reasserts its responses to Paragraphs 1 through 20 of the Complaint, as though fully incorporated herein.

22. Takeya denies the allegations of Paragraph 22.

23. Takeya denies the allegations of Paragraph 23.

24. Takeya denies the allegations of Paragraph 24.

25. Takeya denies the allegations of Paragraph 25.

26. Takeya denies the allegations of Paragraph 26 and denies that YETI is entitled to any stated relief.

## Count II:
## Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

27. Takeya reasserts its responses to Paragraphs 1 through 26 of the Complaint, as though fully incorporated herein.

28. Takeya denies the allegations of Paragraph 28.

29. Takeya denies the allegations of Paragraph 29.

30. Takeya denies the allegations of Paragraph 30.

31. Takeya denies the allegations of Paragraph 31.

32. Takeya denies the allegations of Paragraph 32.

33. Takeya denies the allegations of Paragraph 33 and denies that YETI is entitled to any stated relief.

## Count III:
## Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34. Takeya reasserts its responses to Paragraphs 1 through 33 of the Complaint, as though fully incorporated herein.

35. Takeya denies the allegations of Paragraph 35.

36. Takeya denies the allegations of Paragraph 36.

37. Takeya denies the allegations of Paragraph 37.

38. Takeya denies the allegations of Paragraph 38.

39. Takeya denies the allegations of Paragraph 39 and denies that YETI is entitled to any relief stated.

**Count IV:**
**Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

40. Takeya reasserts its responses to Paragraphs 1 through 39 of the Complaint, as though fully incorporated herein.

41. Takeya denies the allegations of Paragraph 41.

42. Takeya denies the allegations of Paragraph 42.

43. Takeya denies the allegations of Paragraph 43.

44. Takeya denies the allegations of Paragraph 44.

45. Takeya denies the allegations of Paragraph 45.

46. Takeya denies the allegations of Paragraph 46 and denies that YETI is entitled to any relief stated.

**Count V:**
**Common Law Trade Dress Infringement**

47. Takeya reasserts its responses to Paragraphs 1 through 46 of the Complaint, as though fully incorporated herein.

48. Takeya denies the allegations of Paragraph 48.

49. Takeya denies the allegations of Paragraph 49.

50. Takeya denies the allegations of Paragraph 50.

51. Takeya denies the allegations of Paragraph 51.

52. Takeya denies the allegations of Paragraph 52 and denies that YETI is entitled to any relief stated.

## Count VI:
## Common Law Unfair Competition

53. Takeya reasserts its responses to Paragraphs 1 through 52 of the Complaint, as though fully incorporated herein.

54. Takeya denies the allegations of Paragraph 54.

55. Takeya denies the allegations of Paragraph 55.

56. Takeya denies the allegations of Paragraph 56.

57. Takeya denies the allegations of Paragraph 57.

58. Takeya denies the allegations of Paragraph 58 and denies that YETI is entitled to any relief stated.

## Count VII:
## Common Law Misrepresentation

59. Takeya reasserts its responses to Paragraphs 1 through 58 of the Complaint, as though fully incorporated herein.

60. Takeya denies the allegations of Paragraph 60.

61. Takeya denies the allegations of Paragraph 61.

62. Takeya denies the allegations of Paragraph 62.

63. Takeya denies the allegations of Paragraph 63.

64. Takeya denies the allegations of Paragraph 64.

65. Takeya denies the allegations of Paragraph 65 and denies that YETI is entitled to any relief stated.

## Count VII:
## Unjust Enrichment

66. Takeya reasserts its responses to Paragraphs 1 through 65 of the Complaint, as though fully incorporated herein.

67. Takeya denies the allegations of Paragraph 67.

68. Takeya denies the allegations of Paragraph 68.

69. Takeya denies the allegations of Paragraph 69.

70. Takeya denies the allegations of Paragraph 70.

71. Takeya denies the allegations of Paragraph 71.

72. Takeya denies the allegations of Paragraph 72 and denies that YETI is entitled to any relief stated.

## Relief Sought

Takeya denies that YETI is entitled to any relief from Takeya and denies all of the allegations contained in paragraphs 1 through 8 of YETI's Relief Sought.

## General Denial

Takeya denies each and every allegation of YETI's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For its additional defenses, and without admitting that Takeya bears the burden of proof as to any defenses in this action, Takeya states the following:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

YETI's claims are barred in whole or in part due to YETI's failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (ADEQUATE REMEDY AT LAW)

YETI is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the infringement it alleges.

### THIRD AFFIRMATIVE DEFENSE
### (GOOD FAITH)

Takeya has engaged in all relevant activities in good faith, thereby precluding YETI form recovering increased damages or its reasonable attorneys' fees and/or costs under 35 U.S.C. §§ 284 and 285.

### FOURTH AFFIRMATIVE DEFENSE
### (NO WILLFULNESS)

Should it be found that YETI actually has a protectable trade dress and infringement occurred, then Takeya's infringement was not willful.

### FIFTH AFFIRMATIVE DEFENSE
### (TRADE DRESS INVALIDITY)

YETI's alleged trade dress is invalid because it is generic, functional, and lacks secondary meaning.

### SIXTH AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT)

Takeya has not infringed, and did not infringe upon any protectable, enforceable trade dress of YETI's products.

### SEVENTH AFFIRMATIVE DEFENSE
### (EQUITABLE DEFENSES)

YETI's claims are barred, in whole or in part, by the doctrines of laches, waiver, release, consent, unclean hands, and/or additional equitable doctrines.

### EIGHTH AFFIRMATIVE DEFENSE
### (FAIR USE)

YETI is not entitled to relief due to the fair use doctrine (*e.g.*, the design of the allegedly infringing products is a non-trademark or trade dress use.)

### NINTH AFFIRMATIVE DEFENSE
### (THIRD PARTIES)

To the extent YETI has stated claims upon which relief may be granted, any damages YETI has suffered are a result entirely or in part of acts, omissions, and/or negligence of a third party or parties for whose acts Takeya is not liable or responsible and over whom Takeya has no control.

### TENTH AFFIRMATIVE DEFENSE
### (TRADE DRESS MISUSE)

YETI is engaged in trade dress misuse in attempting to monopolize the market beyond the boundaries of any purported trade dress right it may have, if any.  In particular, YETI's Complaint and continuing litigation activities amount to an anti-competitive attempt to block others from entry into the market by asserting a purported "trade dress" that is not distinctive and comprised of exclusively functional elements.

## ELEVENTH AFFIRMATIVE DEFENSE
### (NO DILUTION)

Takeya has not diluted any valid, enforceable trade dress of YETI.

## TWELFTH AFFIRMATIVE DEFENSE
### (NO UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN)

Takeya has not engaged in any unfair completion or false designation of origin against YETI.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (RESERVATION)

Takeya reserves the right to assert all further defenses that may be appropriate based upon matters to which discovery has been or will be directed with respect to the claims set forth in the Complaint.

## TAKEYA'S PRAYER FOR RELIEF

Takeya respectfully requests the Court for judgment in its favor and against YETI on all of YETI's claims. Takeya further respectfully requests the Court:

1. Dismiss YETI's Complaint with prejudice;

2. Enter a judgment and declaration that YETI's asserted trade dress is invalid;

3. Enter a judgment and declaration that Takeya has not infringed any valid, enforceable trade dress of YETI under the Lanham Act;

4. Enter a judgment and declaration that Takeya has not committed any acts of unfair competition and false designation of origin under the Lanham Act;

5. Enter a judgment and declaration that Takeya has not committed any acts of trade dress dilution under the Lanham Act;

6. Enter a judgment and declaration that Takeya has not committed any actions of trademark infringement under the Lanham Act;

7.  Enter a judgment and declaration that Takeya has not committed any acts of trade dress dilution under TEX. BUS. & COM. CODE § 16.103;

8.  Enter a judgment and declaration that Takeya has not infringed any valid, enforceable trade dress of YETI under the common law of the State of Texas;

9.  Enter a judgment and declaration that Takeya has not infringed any valid, enforceable trademark of YET under the common law of the State of Texas;

10. Enter a judgment and declaration that Takeya has not committed any acts of unfair competition under the common law of the State of Texas:

11. Enter a judgment and declaration that Takeya has not committed any acts of misappropriation under the common law of the State of Texas;

12. Enter a judgment and declaration that Takeya has not committed any acts resulting in unjust enrichment under the common law of the State of Texas;

13. Enter a judgment and declaration that no damages or royalties, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Takeya to YETI for any of the acts alleged in YETI's First Amended Complaint;

14. Deny YETI's request for injunctive relief;

15. Declare this case is exceptional and award Takeya its costs of suit and reasonable attorneys' fees incurred in connection with this action; and

16. Grant Takeya such other and further relief as the Court deems is just and proper.

Dated:  March 26, 2018                                  Respectfully submitted,

                 **WILSON, ELSER, MOSKOWITZ,**
                 **EDELMAN & DICKER LLP**

                 By:  */s/ Valeri Williams*
                 E. Stratton Horres, Jr.
                 State Bar No. 10011800
                 Email: stratton.horres@wilsonelser.com
                 Valeri C. Williams
                   State Bar No. 24058797
                 Email:  Valeri.Williams@wilsonelser.com
                 Bank of America Plaza
                 901 Main Street, Suite 4800
                 Dallas, Texas 75202
                 (214) 698-8000 (Telephone)
                 (214) 698-1101 (Facsimile)

                 **ATTORNEYS FOR DEFENDANT**
                 **TAKEYA USA CORPORATION**

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March 2018, a true and correct copy of the foregoing instrument was served on all counsel of record via electronic notice by the CM/ECF filing system.

/s/ Valeri Williams
Valeri C. Williams

| | |
|---|---|
| **EWELL, BROWN, BLANKE & KNIGHT LLP** | **DLA PIPER, LLP** |
| Joseph R. Knight | John M. Guaragna |
| Texas Bar No. 11601275 | Texas Bar No. 24026683 |
| jknight@ebbklaw.com | john.guaragna@dlapiper.com |
| 111 Congress Avenue, Suite 2800 | 401 Congress Avenue, Suite 2500 |
| Austin, Texas 78701 | Austin, Texas 78701 |
| Telephone: 512.770.4010 | Telephone: (512) 457-7000 |
| Facsimile: 877.851.6384 | Facsimile: (512) 457-7001 |
| | |
| **BANNER & WITCOFF, LTD.** | |
| Joseph J. Berghammer | Tamar Duvdevani |
| Illinois Bar No. 6273690 | Tamar.Duvdevani@dlapiper.com |
| jberghammer@bannerwitcoff.com | 1251 Avenue of the Americas, 27th Floor |
| J. Pieter Van Es | New York, New York 10020-1104 |
| Illinois Bar No. 6210313 | (T) 212-335-4799 |
| pvanes@bannerwitcoff.com | (F) 917-778-8799 |
| Victoria R. M. Webb | |
| Illinois State Bar No. 6307279 | |
| Admitted in the Western District of Texas | Melissa A. Reinckens |
| vwebb@bannerwitcoff.com | melissa.reinckens@dlapiper.com |
| Sean J. Jungels | 401 B Street Suite 1700 |
| Illinois Bar No. 6303636 | San Diego, California 92101-4297 |
| SJungels@bannerwitcoff.com | (T) 212-335-4798 |
| Ten South Wacker Drive, Suite 3000 | (F) 917-778-8798 |
| Chicago, IL 60606-7407 | |
| (T) 312-463-5000 | **ATTORNEYS FOR CO-DEFENDANT** |
| (F) 312-463-5001 | **HOME DEPOT U.S.A., INC.** |
| | |
| **ATTORNEYS FOR PLAINTIFF** | |
| **YETI COOLERS, LLC** | |